NEW JERSEY MISCELLANEOUS REPORTS. 951

N. J. Dept. Labor—Kitka v. Standard Underground Cable Co.

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

## MARY KITKA, WIDOW, PETITIONER, v. STANDARD UNDER-GROUND CABLE COMPANY, RESPONDENT.

**Cerebral Hemorrhage—Medical Testimony Merely Shows Possibility That Its Cause Was An Accident—Burden of Proof Not Sustained.**

On determination and dismissal.

A formal petition having been filed in the above matter, asking for compensation under the terms of the Compensation law of this state, and an answer having been duly filed, the same came on for hearings before me in Perth Amboy on April 14th, 1925, and July 3d, 1925, the petitioner being represented by Attorney Joseph F. Deegan and the respondent by Attorney Richard W. Baker. On behalf of the petitioner, Mr. Rosko, the petitioner, Mrs. Marko, Mr. Koelesai, Mr. Gregg, Mr. Mazur and Dr. Smith were called to testify. On behalf of the respondent, Mr. Hurley and Doctors Ramsey and Lund were called to testify.

After carefully going over the testimony in the case I hereby find and determine that the petitioner has failed to show that the decedent died because of an injury by accident arising out of and in the course of his employment with the respondent. I find that the petitioner has failed to show that there was any accident, and has failed to show that the cerebral hemorrhage, from which the petitioner died, was either caused or aggravated by any strain alleged to have been received in his employment. The only medical testimony produced by the petitioner was that it was merely a possibility, and that in the opinion of the doctor he did not know what did cause the hemorrhage to develop. I thereby find that the petitioner has failed to assume the burden of proving his case either as to there being an accident or as to the accident causing the death.

Accordingly, the case is hereby dismissed, without costs to either party.

HARRY J. GOAS,
*Deputy Commissioner.*